## SHEPPARD et al. v. GIEBEL et al.

### No. 8472.

Court of Civil Appeals of Texas. Austin.

Oct. 20, 1937.

Wm. McCraw, Atty. Gen., and Pat M. Neff, Jr., Asst. Atty. Gen., for appellants.

Polk Shelton & Emmett Shelton and Everett L. Looney, all of Austin, and Jesse E. Martin, of Fort Worth, for appellees.

BAUGH, Justice.

This suit was brought by numerous owners and operators throughout Texas of electric phonographs, or electric victrolas, operated by the use of coins, against the Comptroller, Attorney General, and

various other officers subsequently dismissed from the suit, to enjoin the collection of taxes, interference with or destruction of such machines as nuisances because of failure to pay such tax, and to enjoin criminal prosecutions, under the provisions of H.B. 223, Acts 44th Leg., 1935, Regular Sess., ch. 354, p. 905 (Vernon's Ann.Civ.St. art. 7047a—1 note). Judgment was rendered, upon a hearing to the court, as prayed for, from which the Comptroller and Attorney General have appealed. The basis of the judgment appealed from is that the act above cited, which was an amendment to chapter 116, p. 320, Acts 43d Leg., 1933, First C.S., was unconstitutional.

We copy below the portions of the act involved, and pertinent to the questions here presented:

"Levying an Annual Occupation Tax Upon Coin-Operated Vending Machines.

"H.B.No.223)        Chapter 354.

"An Act amending Chapter 116, Acts of the First Called Session of the Forty-Third Legislature, and levying an annual occupation tax upon coin-operated vending machines; defining 'coin-operated vending machines,' defining the term 'owner,' as used herein; providing for the collection of said tax by the Comptroller of Public Accounts of this State, prescribing his powers and duties relating thereto, and authorizing adjustments of taxes heretofore paid in certain cases; providing that it shall be a misdemeanor to exhibit, display or possess a coin-operated machine without having attached thereto a receipt showing payment of the tax due thereon, and providing for penalty for violation thereof. * * *

"Be it enacted by the Legislature of the State of Texas:

"Section 1.    Chapter 116, Acts of the First Called Session of the Forty-third Legislature be, and the same is hereby amended, so as to read hereafter as follows:

" 'Section 1a.    The term "coin-operated vending machine," as used herein, means every machine or device of whatsoever kind or character, which dispenses, or vends, or which is used or operated for dispensing or vending, merchandise, commodities, confections, amusement, or pleasure, and which is operated by or with coins, or metal slugs, tokens or checks.

The following are expressly included within said term: phonograph, electrical piano, electrical battery, graphophone. * * *

" 'Sec. 2.    The term "owner"; as used herein, means any person, individual, firm, company, association or corporation, having the care, control, management, or possession of any "coin-operated vending machine," or any person, individual, firm, company, association or corporation who exhibits or permits to be exhibited, in his or its place of business or upon premises under his or its control, any coin-operated vending machine.

" 'Sec. 3.    There is hereby levied on, and shall be collected from, the owner of every coin-operated vending machine in this State, an annual occupation tax as follows: * * *

" 'Sec. 4.    Gas meters, pay telephones, cigarette vending machines, pay toilets installed and used for sanitary purposes, and all machines engaged in vending a service are expressly exempt from the provisions of this Act.

" 'Sec. 4a.    The exemptions provided herein are recognized and made by reason of the fact that gas meters, pay telephones and cigarette vending machines are now subject to the payment of an occupation tax under existing laws, and pay toilets being service vending machines, are not covered by the levy made hereby. * * *

" 'Sec. 6.    If any person shall exhibit, display or have in his possession within this State any coin-operated vending machine as defined in this Act, and subject to the payment of a tax as herein provided, without having annexed or attached thereto the receipt of the Comptroller of Public Accounts of this State showing the payment of the tax due thereon for the current year, he shall be guilty of a misdemeanor; and, upon conviction, he shall be punished by a fine of not less than Twenty-five Dollars ($25) nor more than One Hundred Dollars ($100). Each day any such machine shall be operated in violation of any provision of this Act shall constitute a separate offense.

" 'Sec. 6a.    Every coin-operated vending machine subject to the payment of tax hereby levied, and upon which the said tax has not been paid as provided herein, is hereby declared to be a public nuisance, and may be seized and destroyed by the Comptroller of Public Accounts, his agents, or any law enforcing agency of

this State as in such cases made and provided by law for the seizure and destruction of common nuisances.'"

The above-quoted act was expressly repealed by Acts 3d C.Sess., 44th Leg., 1936, § 4, subsec. 16, chap. 495, p. 2065 (Vernon's Ann.Civ.St. art. 7047a—17 note) but all taxes, penalties and interest accruing under the former act were expressly preserved to the state. The issue here involved, therefore, is the right of the state to collect the taxes claimed under the act and deposited by the appellees in the registry of the court as required by said act.

The trial court held the act invalid as contravening several provisions of the Constitution. The first holding of the trial court was that the act violated section 35 of article 3 of the State Constitution, in that the body of the act contained subject-matter not expressed in, or clearly at variance with, the title of the act.

This conclusion of the trial court was, we think, erroneous. It was predicated upon the language used in the caption that an "annual occupation tax" was to be levied upon "coin-operated vending machines"; whereas, section 3 of the body of the act recites: "There is hereby levied on, and shall be collected from, the owner of every coin-operated vending machine in this State, an annual occupation tax as follows: [etc.]". And in section 2 of said act, "owner" was defined to mean any person, firm, corporation, etc., "having the care, control, management, or possession" of such a machine, or any person, etc., "who exhibits or permits to be exhibited, in his or its place of business or upon premises under his or its control," any such machine.

■ The rule contended for by appellee as applicable, laid down in Katz v. State, 122 Tex.Cr.R. 231, 54 S.W.(2d) 130, and in Texas-Louisiana Power Co. v. City of Farmersville (Tex.Com.App.) 67 S.W.(2d) 235, is not applicable. If the act in question had merely undertaken to amend a former act by reference to it in the title, and had then in the body of the act included matters not covered by the act so amended, then of course it would, under said decisions, have contravened section 35 of article 3 of the Constitution. But here the title to the act under consideration not only

recited that it was designed to amend a former act of the Legislature, but specifically named the subjects affected by such tax; i. e., coin-operated vending machines. Consequently, no one could have been misled or deceived as to what subject the act dealt with. It is true that the title of the act did state that the tax was levied upon the machines and the body of the act levied a tax on the "owner" of the machine as therein defined; it is also true that the very next clause in the title also stated that the act itself defined the term "coin-operated vending machines," and the term "owner" as used in the act. While, strictly speaking, this was a variance between the title and the body of the act, the caption of the act shows that it was an occupation tax, and manifestly the machines themselves could not pursue an occupation, but only those who own or operate them. And in view of the provision in the title immediately following, clearly showing that the act defined not only the machines included but who should be deemed "owners," any owner of such coin-operated vending machine was put upon inquiry by the title as to the extent and terms of the tax so levied. And under the rules of liberal construction to be placed upon acts of the Legislature to uphold their constitutionality, we think the trial court erred in holding that the act in question was violative of section 35 of article 3 of the Constitution. Consolidated Underwriters v. Kirby Lumber Co. (Tex.Com.App.) 267 S.W. 703; San Antonio & A. P. Ry. Co. v. State (Tex.Com.App.) 95 S.W.(2d) 680, 688; Board of Ins. Com'rs v. Sproles Motor Freight Lines (Tex.Civ.App.) 94 S.W.(2d) 769; 39 Tex.Jur., § 38 p. 81, and numerous cases cited in the footnotes.

■ The next question presented is whether or not electric phonographs were included within the purview of the act. Appellees contend that they were not, for two reasons: First, because section 1a of the act specifically named electrical pianos and electrical batteries, but when a phonograph machine was designated the modifying term "electrical" was not used, and that, therefore, only phonographs operated by other than electrical power were intended. This interpretation is, we think, clearly negatived by the language of the preceding sentence of the same section of the act, and that the machines to be included "means every machine or device

of whatsoever kind or character, which dispenses, or vends, * * * amusement or pleasure, and which is operated by or with coins, [etc.]." In view of this language and the manifest purpose of the Legislature, the power used in the operation of such machines is clearly a matter of no consequence.

■ The second ground urged as excluding the machines here involved from the terms of the act is that they were "service vending machines" within the meaning of section 4 of the act.

From the provisions of sections 4 and 4a, above quoted, it is manifest that the only machines exempted in section 4 because deemed "service vending machines" were pay toilets; the other exemptions named being excluded from the tax because they were already taxed under existing laws. While "service vending machines" were exempt, the act nowhere undertook to define what should be deemed such machines, and the only type of machine named as falling within this class was pay toilets. In defining the classes of machines to be taxed in section 1a of the act, it is to be noted that "service vending machines" are not mentioned as such. On the contrary, the act is limited to machines vending "merchandise, commodities, confections, amusement, or pleasure." It reasonably appears, therefore, that it was the legislative intent to include within the taxing act, other than machines vending some sort of commodity or merchandise, only machines designed to afford amusement or pleasure. Following this general definition were specifically named numerous machines coming within the terms of the act, the first one of which was a "phonograph" operated by inserting a coin, slug, token, or check. Even if it be conceded, therefore, that the appellees' machines be considered service vending machines, as contradistinguished from machines vending articles of merchandise, the fact that machines vending that character of service classed as amusement or pleasure were expressly included in the act, and, further, the specific inclusion of phonographs so operated, manifests a clear legislative intent that such machines were to be taxed and not exempted. Manifestly there is a clear and reasonable basis of classification in separating this class of vending machines from such service vending machines as pay toilets, pay telephones, etc.; and such reasonable basis of classification is sufficient to sustain the validity of the act.

■ Section 2 of article 8 of the Constitution does require that occupation taxes be equal and uniform upon the same class of subjects, but it has been uniformly held that it is within the power of the Legislature to make such classifications as it sees fit so long as there is a reasonable basis for the differences in the classifications made by it. And this rule, of course, applies where exemptions are made. Texas Co. v. Stephens, 100 Tex., 628, 103 S.W. 481; Ex parte Walker, 121 Tex. Cr.R. 145, 52 S.W.(2d) 266; Ex parte Day, 127 Tex.Cr.R. 367, 76 S.W.(2d) 1060; 27 Tex.Jur., § 53, p. 899.

■ We think that there can be no doubt that there is, because of the difference in the nature, manner of operation, and purpose, a reasonable basis for a difference of classification between the type of machines used merely for amusement and pleasure, such as those named in section 1a of the act, and those designed to serve the public health, convenience, and necessity, such as pay toilets. That being true, the act should not be stricken down for that reason.

■ We have concluded, however, that the trial court correctly held that the act was so uncertain in its terms as to be unenforceable. The term "owner," against whom the tax was levied, was defined to be, in effect, either the holder of the title, or one in possession, on the one hand; or, on the other, one who exhibits or permits such machine to be exhibited on his premises. Thus, as was shown to be true in the instant case, the owner of the title to such machines, and the person on whose premises they were permitted to be operated, might readily be distinct and separate persons; and the act nowhere gave the Comptroller any definite standard or direction by which to determine who should pay such tax. So far as the provisions of the act were concerned, he could collect it from either at his discretion. Not only was this true, but section 6 of the act made failure to pay the tax a penal offense, and section 6a declared machines on which such taxes were not paid to be public nuisances, and authorized the Comptroller to summarily seize and destroy them as such. Manifestly, the latter provision, authorizing the Comptroller to destroy such property

summarily for nonpayment of the tax, and without a hearing, contravenes the due process provisions of the State and Federal Constitutions (Const.Tex. art. 1, § 19; Const.U.S.Amend. 14). Clearly, such machines were not nuisances per se. Nor were they so declared by the Legislature, except for failure to pay the tax. But the Legislature cannot validly declare that to be a nuisance which is not so in fact, unless such property be so used as to constitute a nuisance, which is essentially a judicial question; or unless its use be such as to endanger the public health, public safety, public welfare, or offend the public morals, State v. Smith (Tex.Civ.App.) 47 S.W.(2d) 642, and authorities therein cited; 9 Tex.Jur. p. 517, § 87; 31 Tex. Jur. p. 416, § 7.

It is likewise clear, we think, that the penalty provided in section 6 of said act is invalid and unenforceable, for the reason, among others, that it is indefinite and uncertain as to who is subject to it; that is, whether it be the owner of the title to such machines, the ones in possession of them, or the person on whose premises they were exhibited. It is not even clear but that a dealer who undertook to sell such machines, but who did not in any sense operate them, might be subject to the act, because he owned or permitted such machines to be exhibited or displayed on his premises. Because of this uncertainty and ambiguity in the terms of the act, both as to who was the proper person to pay the tax, or, in case the tax was not paid, who would be subject to the criminal punishment therein provided, we think the act contravened article 1, § 10 of the Constitution of Texas, and article 6 of the Penal Code 1925. See 39 Tex. Jur. p. 45, § 22, and cases cited.

While section 8 of the act provided that if any portion thereof be held invalid, nevertheless, the remainder of the act should be valid, the question presents itself as to whether, because of the invalidity of sections 6 and 6a, and the uncertainty as to what is meant by the term "owner" as undertaken to be defined, the validity of the tax itself can be sustained. We have concluded that it cannot. We think the rule announced in 39 Tex.Jur. page 47, is here applicable: "Ordinarily the fact that one provision of a statute is indefinite does not render the remaining provisions invalid. But when provisions essential to the existence and enforceability of every other part of a statute are of vague and uncertain meaning, the statute is void as a whole."

We conclude, therefore, that the trial court was correct in holding the act invalid, and, consequently, rendered the correct judgment. While appellants urge other grounds as invalidating the act in question, in view of the conclusions above announced, we deem it unnecessary to discuss them here. For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.