**Gordon YOULE et al., Appellants,**

v.

**Robert S. CALVERT, Comptroller of Public Accounts et al., Appellees.**

No. 10881.

Court of Civil Appeals of Texas.

Austin.

July 12, 1961.

Rehearing Denied July 26, 1961.

Biggers, Baker, Lloyd & Carver, Dallas, for appellants.

Will Wilson, Atty. Gen., J. H. Broadhurst, Asst. Atty. Gen., for appellees.

ARCHER, Justice.

This is an appeal from a judgment of the Trial Court holding that House Bill 11 did not violate the Constitution, Article VIII, Sections 1 and 2, Vernon's Ann.St., requiring occupation taxes to be equal and uniform, and the Court did not deem it necessary to pass on the other complaints of appellants and entered its judgment denying all relief to appellants. The appeal is based on four points and are that the Court erred in failing to hold that the amendment by H.B. 11 violated the requirements of equal-

ity and uniformity of taxation in Art. VIII of the Constitution; in failing to find that the Caption of H.B. 11 violated Art. III, Sec. 35 of the Constitution because more than one subject matter was expressed in the title; in failing to find that Art. 7047, Sec. 36 was not repealed by H.B. 11; and in failing to render judgment for appellants for the taxes paid under protest.

The facts in this case are not in dispute, except as to the legal conclusion to be drawn therefrom.

Art. VIII, Sec. 1 of the Constitution provides for equality and uniformity in taxation and allows the imposition of occupation taxes and certain exemptions. Sec. 2 provides that all occupation taxes shall be equal and uniform.

At the time of passage of the Act here challenged, the occupation of exhibiting nine and ten pin alleys was taxed under Title 122—Taxation—Chapter I, Art. 7047, Sec. 36, as follows:

"Art. 7047. 7355, 5049 Occupation taxes

"There shall be levied on and collected from every person, firm, company or association of persons, pursuing any of the occupations named in the following numbered subdivisions of this article, an annual occupation tax, which shall be paid annually in advance except where herein otherwise provided, on every such occupation or separate establishment, as follows:

"Acts 1st C.S. 1897, p. 49.

" * * * 36. Nine and Ten Pin Alleys. From every person, firm, association of persons, or corporation, owning or operating for profit every nine or ten pin or other alley, by whatever name called, constructed or operated upon the principle of a bowling alley, upon which pins, pegs, balls, rings, hoops or other devices are used, there shall be collected an annual tax of Ten Dollars ($10) for each track or alley, provided, however, that said tax

shall not exceed One Hundred Dollars ($100) in any such year. Acts 1917, p. 385; Acts 1943, 48th Leg., p. 654, ch. 372, § 11."

House Bill 11 of the Third Called Session of the 56th Legislature (1959) amended this occupation tax newly numbered as Title 122A, Taxation-General, Article 19.01 (8), V.A.T.S., as follows:

"(8) Nine and Ten Pin Alleys. From every person, firm, association of persons, or corporation, owning or operating for profit every nine or ten pin or other alley, by whatever name called, constructed or operated upon the principle of a bowling alley, upon which pins, pegs, balls, rings, hoops or other devices are used, and where the player thereof does not or is not required to make a coin deposit causing an electrical connection of any nature or kind before such game may be actually commenced, there shall be collected an annual tax of Ten Dollars ($10) for each track or alley."

An occupation tax is levied for the exercise of the privilege of carrying on a business.

The inequality or lack of uniformity complained of by appellants by the amendment under their contention, appears when those who received pay for their occupation through a coin slot are excused from the occupation tax.

Appellees take the position and the Trial Court found that the exception in the definition of the occupation is a lawful classification which removes nine and ten pin alleys operated with a coin-slot from the general classification of nine and ten pin alleys.

The amusement device operated by appellants for profit is on the principle of a nine and ten pin alley, described as a "United Bowling" machine, requiring the deposit of a coin.

Appellants were required to pay a tax of $60 under the provisions of Chapter 13, Title 122A on each machine so operated, which payments were made under protest.

Appellants operated for profit a bowling machine similar to the one above mentioned, but without the coin-slot, making it necessary for the player to make payment of a fee to a cashier, who activated the machine, and on this machine a tax of $10 was levied by Art. 19.01(8), Title 122A.

■ We do not believe that the Trial Court erred in failing to find that the amendment to Article 7047 (Art. 19.01(8)) by the use of the words:

"* * * and where the player thereof does not or is not required to make a coin deposit causing an electrical connection of any nature or kind before such game can be actually commenced * * *."

violated the requirements of equality and uniformity of Article VIII of the Constitution.

Article 19.01(8), Title 122A levies a tax on nine and ten pin alleys which requires the player to make a deposit to cause an electrical connection.

Coin operated machines require the insertion of a coin to use the machine and are taxed under Article 13.02, which reads as follows:

"(b) A fee of Sixty Dollars ($60) shall be paid on each 'skill or pleasure coin-operated machine' where the coin, fee or token used, or which may be used, in the operation thereof is one of the value in excess of five cents (5¢) or represents a value in excess of five cents (5¢)."

■ Since nine and ten pin alleys were taxed under Article 19.01(8) and were exempted from the tax on skill coin-operated machines such was not unreasonable classification.

Sheppard v. Giebel, Tex.Civ.App., 110 S.W.2d 166.

The Sheppard case involved the constitutionality of an Act levying a tax on coin-operated vending machines and its holding and legal construction is applicable to this instant case.

In Hurt v. Cooper, 130 Tex. 433, 110 S.W. 2d 896, the Court in discussing the chain store tax as being greater than individual stores held that merchants may be divided into classes and the classes taxed in different amounts and according to different standards.

In Texas Company v. Stephens, 100 Tex. 628, 103 S.W. 481, the Court held that the very language of the Constitution implies power in the Legislature to classify the subjects of occupation taxes and only requires that the tax shall be equal and uniform upon the same class.

Ex parte Day, 1934, 127 Tex.Cr.R. 367, 76 S.W.2d 1060; Miller v. El Paso County, 136 Tex. 370, 150 S.W.2d 1000.

■ The Trial Court did not err in holding that the Caption of H.B. 11 did not violate Article III, Section 35 of the Constitution, requiring a bill to contain only one subject matter which should be expressed in its title.

The Caption of H.B. 11 is long but it recites that it is an Act revising and rearranging certain statutes of Title 122. "Taxation" etc. and the words to revise and amend, to indicate a change or repeal of the statute, are interchangeable.

37A, Words and Phrases, Revise p. 317; American Indemnity Co. v. City of Austin, 112 Tex. 239, 246 S.W. 1019; Briggs v. Buckner, Tex.Civ.App., 19 S.W.2d 190.

City of Beaumont v. Gulf States Utilities Co., Tex.Civ.App., 163 S.W.2d 426, 431, er. ref., w. m., the Court held that "Revenue Acts are not construed strictly under the constitutional provision invoked by appellant," and further said:

"A distinction must be drawn between the 'subject' of an act and its 'object'; if there be but one subject in the act, but more than one object, the act would not be obnoxious to the constitution."

Appellants agree that if H.B. 11 is constitutionally passed, that new article 19.01 (8) supersedes the original Act, and since we have concluded that H.B. 11 is constitutional, we do not see any need to further discuss Articles 19.01(8) and 13.02(1) (b) of Title 122A.

The judgment of the Trial Court is affirmed.

Affirmed.