

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

April 10, 1963

Senator A. M. Aiken, Jr.                          Opinion No. C-56
Chairman, Committee on State Affairs
The Senate of The State of Texas          Re:  Constitutionality
Austin, Texas                                            of Senate Bill
                                                                No. 258

Dear Senator Aiken:

        This acknowledges your request for an opinion as to
the validity of Senate Bill 258, Fifty-Eighth Legislature, a
copy of which is attached to your request.

        This bill, if enacted, would amend the present statutes
of Texas by exempting from the sales tax levied by Chapter 6,
Title 122A, Taxation-General, Vernon's Civil Statutes, the sale
of any motor vehicle to be used by a church solely in the opera-
tion of a school for the education of children or for the
transportation of said children to and from or in connection
with said school or its activities.  It would exempt motor
vehicles, trailers and semitrailers which are the property
of and used exclusively in the service of ". . . a church
when used exclusively in connection with the operation of a
school operated by said church or in the transportation of
children to and from said school or in connection with said
school activities thereof, . . ." from registration fees
required by the motor vehicle registration laws provided in
Articles 6675a-1 through 6675a-17, V.C.S., 1925.  This bill
also makes provisions for the refunding of the motor fuel tax,
levied by Chapter 9 of Title 122A, Taxation-General, V.C.S.,
on motor fuel used ". . . for the purpose of operating or pro-
pelling any . . . motor vehicle to be used by a church solely
in the operation of a school for the education of children or
for the transportation of said children to and from or in con-
nection with said school activities, . . .".

        Although this bill proposes to amend three different
tax statutes, the amendments are all germane to the one subject
of taxation; therefore, it is not invalid because of more than
one subject matter (Missouri-Kansas-Texas R. Co. of Texas v.
Rockwall County Levee Improvement Dist. No. 3, 117 Tex. 34,
297 S.W. 206 (1927)).

-274-

Article VIII, Section 1 of the Texas Constitution provides in part as follows:

"Section 1. Taxation shall be equal and uniform. All property in this State, whether owned by natural persons or corporations, other than municipal, shall be taxed in proportion to its value, which shall be ascertained as may be provided by law. The Legislature may impose a poll tax. It may also impose occupation taxes, both upon natural persons and upon corporations, other than municipal, doing any business in this State. . . ."

Section 2 of Article VIII of the Constitution reads in part:

"Sec. 2. All occupation taxes shall be equal and uniform upon the same class of subjects within the limits of the authority levying the tax; but the legislature may, by general laws, exempt from taxation public property used for public purposes; . . ."

That part of Section 2 of Article VIII, supra, authorizing the Legislature to exempt certain public property from taxation has reference to property taxes and does not pertain to excise taxes such as those mentioned in Senate Bill 258.

The Courts of Civil Appeals, the Supreme Court and the Court of Criminal Appeals of the State of Texas in numerous cases have held that the Legislature has authority to classify different types of business for purpose of taxation so long as the legislation is not discriminatory nor arbitrary as between the same or like classes of business.

In the case of Hurt v. Cooper, 130 Tex. 433, 110 S.W.2d 896, 901 (1937), the Court in speaking of a greater tax per store on chain stores than on individual stores pointed out the following distinctive features: quantity buying, ability to pay cash and receive discounts, skill in buying, warehousing, and distribution from single warehouses, capital, unified advertising, superior management, standard form of display, concentration of management in special lines, and standardization.

These distinctive features were held to be interrelated and interdependent in the chain store business.

In the opinion in Hurt v. Cooper, supra, the Court said at page 900:

> "That is a definite holding that merchants may be divided into classes and the classes taxed in different amounts and according to different standards; that the considerations upon which such classifications are based are primarily within the discretion of the Legislature; and that courts can interfere only when it is made clearly to appear that there is no reasonable basis for the attempted classification. If there is a reasonable basis or, to express it differently, if it cannot be said that the Legislature acted arbitrarily, the courts will not interfere. Mere differences in methods of conducting businesses have long been recognized in this state as sufficient to support the classification of merchants for the purpose of levying occupation taxes. For instance, our statutes (see article 7047, as amended /Vernon's Ann. Civ. St. art. 7047_7) levy occupation taxes on itinerant merchants and peddlers. The difference between their occupations and that of an ordinary merchant is not great, but it would hardly be contended at this time that it is not sufficient to support a separate classification."

Difference in profits derived, in extent of consumption of articles, and other conditions that might be supposed, can properly be taken into consideration by the Legislature in making classifications and in determining the amount of occupation taxes to be laid on each.

The mere fact that discrimination is made in classifications for occupation taxes proves nothing against classification which is not on its face an arbitrary, unreasonable or unreal one.

The Court in rendering its opinion in Texas Co. v. Stephens, 100 Tex. 628, 103 S.W. 481, 484 (1907), in which an objection was made that a statute discriminates between persons pursuing occupations which belong to the same class, said:

> ". . . The very language of the Constitution of the state implies power in the Legislature to classify the subjects of occupation taxes and only requires that the tax shall be equal and uniform upon the same class. Persons who, in the most general sense, may be regarded as pursuing the same occupation, as, for instance, merchants, may thus be divided into classes, and the classes may be taxed in different amounts and according to different standards. Merchants may be divided into wholesalers and retailers, and, if there be reasonable grounds, these may be further divided according to the particular classes of business in which they may engage. The considerations upon which such classifications shall be based are primarily within the discretion of the Legislature. The courts, under the provisions relied on, can only interfere when it is made clearly to appear that an attempted classification has no reasonable basis in the nature of the businesses classified, and that the law operates unequally upon subjects between which there is no real difference to justify the separate treatment of them undertaken by the Legislature. . . ."

In Ex Parte Day, 76 S.W.2d 1060, Tex.Crim. (1934), Appellant was convicted on complaint of not having a license for a coin-operated handkerchief vending machine. He claimed that Article 7047A-1 was violative of Article VIII, Section 2, in that it was not equal and uniform because pay toilets and drinking cup vending machines were exempted. He also complained because the tax on marble machines was greater than, and measured by a different standard than "other similar amusement machines." Relief was denied.

We quote from page 1064:

". . . businesses of the same general class may be properly subdivided or reclassified where reason exists therefor. Particular attention is called to this because there are commodities and commodities, amusements and amusements, services and services; and, if reason exists therefor, the Legislature may subdivide or reclassify commodity vending machines, service vending machines, and amusement vending machines. In Quong Wing v. Kirkendall, 223 U.S. 59, it is laid down that a state enactment may make discriminations, if founded on distinctions not unreasonable or purely arbitrary."

That the Courts have nothing to do with the policy, wisdom, expediency or propriety of legislative enactments is almost a maxim. Ollre v. State, 123 S.W. 1116 (Tex.Crim. 1909).

In compliance with the rule laid down in the above cases, the Legislature has authority to classify, and by classifying to exempt from taxation, certain types of businesses, associations, corporations or individuals, provided they are equal and uniform upon the same class of subjects within the limits of the authority levying the tax.

We are of the opinion that the provisions of Senate Bill No. 258 are not arbitrary nor discriminatory and that it is a valid Bill.

## S U M M A R Y

Senate Bill No. 258 provides for a reasonable classification, is equal and uniform as to the class of subjects affected and is therefore valid.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By: J. H. Broadhurst
Assistant

JHB:pw

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
John Reeves
Bill Allen
James Stofer
Pat Bailey

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone