

# The Attorney General of Texas

October 10, 1980

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Bob Bullock
Comptroller of Public Accounts
L.B.J. Building
Austin, Texas 78774

Opinion No. MW-255

Re: Validity of actions of the Texas Prosecutors Coordinating Council

Dear Mr. Bullock:

In 1977, the Texas legislature enacted article 332d, V.T.C.S., which created the Texas Prosecutors Coordinating Council, defined its powers and duties, and provided for the reprimand, disqualification, or removal from office of prosecuting attorneys for certain reasons. Acts 1977, 65th Leg., ch. 345, at 917. Section 3 of article 332d provides that the council shall be composed of nine members, selected as follows:

> (1) four citizens of the State of Texas, who are not licensed to practice law, appointed by the Governor of Texas, with the advice and consent of the senate. . .

> (2) the president of the Texas District and County Attorneys Association; and

> (3) four incumbent, elected prosecuting attorneys to be selected by the membership of the Texas District and County Attorneys Association, at least one each of whom shall be a county attorney, a district attorney, and a criminal district attorney.

You ask whether the legislature has unconstitutionally conferred the power of appointment upon a private association in violation of article II, section 1 of the Texas Constitution, which provides that:

> The powers of Government. . . shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are Legislative to one; those which are Executive to another, and those which are Judicial to another; and no person, or collection of

> persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted.

The constitution of Texas, unlike the federal constitution, operates as a limitation upon power. "All power which is not limited by the Constitution inheres in the people, and an act of a state legislature is legal when the Constitution contains no prohibition against it." Watts v. Mann, 187 S.W. 2d 917 (Tex. Civ. App. - Austin 1945, writ ref'd). The authority to legislate on any subject not expressly or by necessary implication denied by the constitution resides with the legislature, and action of that body is regarded as final unless in plain, unequivocal terms such action is contrary to constitutional limitations. See, e.g., Governmental Services Insurance Underwriters v. Jones, 368 S.W. 2d 560 (Tex. 1963); Ex parte Day, 76 S. W. 2d 1060 (Tex. Crim. App. 1934). Courts will not hold legislation unconstitutional unless it is absolutely necessary to do so. Texas State Board of Barber Examiners v. Beaumont Barber College, Inc., 454 S.W. 2d 729 (Tex. 1970).

Sensing that the concentration of the legislative, executive and judicial powers of government in the same hands would inevitably lead to tyranny, the framers of the Texas Constitution provided in article II, section 1 for the exercise of these three functions by separate and independent branches of government. Article II, section 1, a version of which has been incorporated in all of our state constitutions, requires that each branch act pursuant to its own authority. If one branch exceeds its authority and usurps powers which it does not possess, its acts are a nullity and are not binding on other branches of government. Ex parte Giles, 502 S.W. 2d 774 (Tex. Crim. App. 1973). This principle of separation of powers does not absolutely prohibit one branch from performing acts which by their nature belong to another branch — the practical necessities of efficient government prevent its complete application — but the general rule still exists that while one branch may exercise any power which the constitution delegates to it, it may not exercise powers not so granted which, from their essential nature, do not fall within its division of governmental functions.

The question before us is whether, in light of the underlying purpose of article II, section 1 of the constitution, article 332d, V.T.C.S., unconstitutionally delegates the power of appointment to the Texas District and County Attorneys Association, which is a private association. We conclude that it does not.

The El Paso Court of Civil Appeals addressed virtually the same issue in Miller v. El Paso County, 146 S.W. 2d 1027 (Tex. Civ. App. - El Paso 1940), rev'd on other grounds, 150 S.W. 2d 1000 (Tex. 1941). Miller presented a constitutional challenge to former article 2352b, V.T.C.S., which attempted to authorize the levy of a five-cent tax for use in advertising and promotional purposes in certain counties. Article 2352b also provided that:

> Sec. 3.  There is hereby created in such counties. . . a Board of County Development, which. . . . shall consist of five (5) members; two (2) to be appointed by the Commissioners' Court

> of such counties. . . and three (3) of whom shall be appointed by
> the Board of Directors of the Chamber of Commerce of the
> county seat of such county.

Responding to the contention that this method of appointing members of the Board of County Development contravened article II, section 1, the court cited earlier Texas cases that had approved a statute which provided for appointments by the Speaker of the House, Dorenfield v. State, 73 S.W. 2d 83 (Tex. 1934), as well as a home-rule city ordinance providing that members of a Board of Development would be appointed from a list named by that board, Davis v. City of Taylor, 67 S.W. 2d 1033 (Tex. 1934), and concluded that "we can see little difference in confiding the power of appointment to an office other than the executive department and confiding it to an unofficial body." 146 S.W. 2d at 1035. The Supreme Court, although it overturned the taxing provisions of the statute, did not disturb the lower court's holding on this issue. In our opinion, therefore, Miller may validly be cited for the proposition that a statutory delegation of the power of appointment to an unofficial body such as the one at issue here does not violate article II, section 1 of the Texas Constitution.

Section 1 of article 332d states that "the legislature recognizes that the prosecutor performs an executive function which has a significant effect on the judicial branch and on law enforcement" and declares the purpose of the statute to be to:

> provide a centralized agency capable of delivering technical
> assistance, educational services, and professional development
> training to the prosecutors of Texas and their assistants and to
> improve the administration of criminal justice through
> professionalization of the prosecuting attorney's office.

Clearly, in the legislature's judgment, the objectives set forth in section 1 of article 332d could best be accomplished by a Coordinating Council that contains members who are either appointed by the Texas District and County Attorneys Association or who occupy their seat by virtue of being president of that association. We have noted that the legislature is authorized to legislate on any subject not expressly or by necessary implication denied by the constitution, and that its action will not be annulled unless it clearly and unequivocally contravenes the constitution. Because article II, section 1, as construed in Miller v. El Paso, supra, does not, in our opinion, clearly prohibit the legislature from delegating authority in the manner provided for in article 332d, V.T.C.S., we conclude that no constitutional problem exists under that constitutional provision.

You also ask a number of questions regarding the authority of the Prosecutors Coordinating Council to contract with a private attorney to assist the district attorney of Bell County in preparing and trying a criminal case. As we stated in Attorney General Opinion MW-191 (1980), the Prosecutors Coordinating Council may not spend appropriated funds to hire an outside attorney to assist a district attorney in prosecuting a case, unless the attorney general has been requested to perform the

*needed services and has certified his inability to do so.* See *General Appropriations Act,* Acts 1979, 66th Leg., ch. 843, at 2917. Our office has now given the necessary waiver to the council. You wish to know whether the council has statutory authority to provide such services to a district attorney. Specifically, you ask whether the contract between the council and the attorney selected as special prosecutor represents a form of "technical assistance" which section 8(7) of article 332d authorizes the council to provide.

The council is presently operating on federal funds provided by the Law Enforcement Assistance Administration (LEAA). Attorney General Opinion MW-191. It was the declared policy of Congress in establishing the LEAA to:

> aid State and local governments in strengthening and improving their systems of criminal justice by providing financial and technical assistance with maximum certainty and minimum delay.

42 U.S.C. §3701. Pursuant to 42 U.S.C. section 3742(b), each state is required to maintain a criminal justice council for the purpose of, *inter alia*:

> providing technical assistance upon request to State agencies, community-based crime prevention programs, the judicial coordinating committee, and units of local government in matters relating to improving criminal justice in the State. (Emphasis added).

Federal regulations provide:

> 'LEAA assistance, LEAA financial assistance, LEAA assistance program, or LEAA assisted programs' are programs that provide assistance through LEAA grant or contractual arrangements; these also include technical assistance programs or programs providing assistance in the form of loans .

28 C.F.R. §30.24(d) (Emphasis added).

Thus, federal law would seem to indicate that a "technical assistance" program is simply one funded by an LEAA grant or contract. In addition, "technical" has been *defined as "belonging or peculiar to an art or profession."* In our opinion, the legislature contemplated that the kind of "technical assistance" provided to a prosecuting attorney by a statewide prosecutors coordinating council would ordinarily be prosecutorial assistance. Thus, we believe that a contract between the council and an attorney to assist a district attorney in trying a case falls squarely within the meaning of "technical assistance."

You also express concern about whether the contract at issue here constitutes an interference with the duties of a district attorney. Although the legislature may not

take away the duties of a district attorney and confer them on others, Shepperd v. Alaniz, 303 S.W. 2d 846 (Tex. Civ. App. - San Antonio 1957, no writ), it has not done so in article 332d.  That statute permits the council only to respond to requests from a prosecutor, and the contract here makes clear that the district attorney "has requested technical assistance of the council."

Finally, you ask whether the contract permits retroactive payment to the special prosecutor.  The contract, as signed by the parties on January 9, 1980, does not provide for retroactive payment.  It merely stipulates that the council has applied for a grant adjustment allowing payment to the special prosecutor at the rate of $200 per day, and that full payment in such amount is owing from the begining of the contract.  Since the contract containing these provisions was entered into prior to the rendering of any services, we do not believe that it permits retroactive payment.

## SUMMARY

Article 332d, V.T.C.S., does not unconstitutionally delegate the power of appointment to the Texas District and County Attorneys Association in violation of article II, section 1 of the Texas Constitution.  The Prosecutors Coordinating Council is authorized by that statute to contract with a private attorney to assist a district attorney in preparing and trying a criminal case.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jon Bible & Rick Gilpin
Assistant Attorneys General

APPROVED:
OPINION COMMITTEE

Susan Garrison, Acting Chairman
Jim Allison
Jon Bible
Rick Gilpin
C. Robert Heath