

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

January 23, 1950

Hon. Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. V-986.

Re: Whether "owner" of
coin-operated electric
scoreboard is subject
to occupation tax im-
posed on "owners" of
certain coin-operated
machines.

Dear Sir:

     You have requested the opinion of this office as to whether the occupation tax imposed on the "owner" of coin-operated vending machines by Articles 7047a-2 to 7047a-18, V.C.S., would be applicable to owners of coin-operated electric scoreboards used in connection with shuffleboard games. From the file attached to your request we have gathered the following facts with regard to such scoreboards.

     The Regal Electric Scoreboard is advertised as having the following features: "Wall mounting type - Hardwood cabinet . . . - 4 color silk screen panel- . . . Ace 10¢ coin chute - Full Anti-Cheat Protection - Large easily read figures . . . -All At a Price Which Will Be More Than Covered By Increased Returns From Your Shuffleboard." Owners of shuffleboard games are queried thus:

     "Why spend so much of your time keeping track of the play, and income, from your shuffleboard? A Regal scoring unit will act as an automatic collecting device and save you unlimited . . . time and trouble . . . eliminate misunderstandings over number of games played- . . . It will definitely increase your income from your shuffleboard."

     The manufacturers of these machines contend that they are not coin-operated amusement devices inasmuch as they are not games and do not control the playing of shuffleboard but merely register the scores and supply the service of collection for the merchant in whose establishment shuffleboard is being played.

Article 7047a-3 provides that "Every 'Owner' as that term is hereinabove defined, who owns, controls, . . . or who permits to be exhibited or displayed . . . any 'coin-operated machines' as that term is defined herein, shall pay . . . an annual occupation tax."

Article 7047a-4 exempts from the tax levied by the Act "gas meters, pay telephones, pay toilets, and cigarette vending machines which are now subject to an occupation or gross receipts tax and 'service coin-operated machines' as that term is defined, . . ."

Article 7047a-2(c) provides as follows:

"(c) The term 'coin-operated machine' as used herein shall mean and include every machine or device of any kind or character which is operated by or with coins, or metal slugs, tokens or checks, 'merchandise or music coin-operated machines' and 'skill or pleasure coin-operated machines' as those terms are hereinafter defined, shall be included in such terms."

The statutory definition of a "merchandise or music coin-operated machine" is clearly not applicable to the electric scoreboards here being considered.

Sections (e) and (f) of Article 7047a-2 read as follows:

"(e) The term 'skill or pleasure coin-operated machines' as used herein shall mean and include every coin-operated machine of any kind or character whatsoever, when such machine or machines dispense or are used or are capable of being used or operated for amusement or pleasure or when such machines are operated for the purpose of dispensing or affording skill or pleasure, or for any other purpose other than the dispensing or vending of 'merchandise or music' or 'service' exclusively, as those terms are defined herein. The following are expressly included within said term: marble machines, marble table machines, marble shooting machines, miniature race track machines, miniature football machines, minature golf machines, miniature bowling machines, and all

other coin-operated machines which dis-
pense or afford skill or pleasure.  Provid-
ed that every machine or device of any kind
or character which dispenses or vends mer-
chandise, commodities or confections or
plays music in connection with or in addi-
tion to such games or dispensing of skill
or pleasure shall be considered as skill or
pleasure machines and taxed at the higher
rate fixed for such machines.

"(f) The term 'service coin-operated
machines' shall mean and include pay toilets,
pay telephones and all other machines or de-
vices which dispense service only and not
merchandise, music, skill or pleasure."

If the scoreboards do not come within the stat-
utory definition of "service coin-operated machines" they
must automatically be classified as "skill or pleasure
coin-operated machines", and the "owner" thereof will
therefore be liable for the occupation tax imposed by
these articles.

House Bill 223, Acts 44th Leg., R.S. 1935, ch.
354, p.905, which attempted to impose an occupation tax
on the "owner" of coin-operated vending machines, was
held invalid in Sheppard v. Giebel, 110 S.W.2d 166 (Tex.
Civ.App.1937).  This Act, which we will hereinafter re-
fer to as the original Act, was declared unconstitution-
al in toto by reason of the ambiguity of those provisions
providing for payment of the tax.  Other provisions of
the statute were discussed by the court in the course of
the opinion and because the exemption provisions of the
original Act and the exemption provisions of our present
statute are very similar, we will be guided by the court's
construction thereof.

The original Act provided, in part, as follows:

"Sec. 4.  Gas meters, pay telephones,
cigarette vending machines, pay toilets in-
stalled and used for sanitary purposes, and
all machines engaged in vending a service are
expressly exempt from the provisions of this
Act.

"Sec. 4a.  The exemptions provided here-
in are recognized and made by reason of the

> fact that gas meters, pay telephones and cig-
> arette vending machines are now subject to
> the payment of an occupation tax under exist-
> ing laws, and pay toilets being service vend-
> ing machines, are not covered by the levy made
> hereby."

With regard to these provisions the court said:

> ". . . it is manifest that the only ma-
> chines exempted in section 4 because deemed
> 'service vending machines' were pay toilets;
> the other exemptions named being excluded from
> the tax because they were already taxed under
> existing laws.  While 'service vending machines'
> were exempt, the act nowhere undertook to de-
> fine what should be deemed such machines, and
> the only type of machine named as falling with-
> in this class was pay toilets.  In defining the
> classes of machines to be taxed in section 1a
> of the act, it is to be noted that 'service
> vending machines' are not mentioned as such.
> On the contrary, the act is limited to machines
> vending 'merchandise, commodities, confections,
> amusement, or pleasure.'  It reasonably appears,
> therefore, that it was the legislative intent
> to include within the taxing act, other than
> machines vending some sort of commodity or
> merchandise, only machines designed to afford
> amusement or pleasure.  Following this gener-
> al definition were specifically named numer-
> ous machines coming within the terms of the
> act, the first one of which was a 'phonograph'
> operated by inserting a coin, slug, token, or
> check.  Even if it be conceded, therefore, that
> the appellees' machines be considered service
> vending machines as contradistinguished from
> machines vending articles of merchandise, the
> fact that machines vending that character of
> service classed as amusement or pleasure were
> expressly included in the act, and, further,
> the specific inclusion of phonographs so oper-
> ated, manifests a clear legislative intent that
> such machines were to be taxed and not exempt-
> ed.  Manifestly there is a clear and reasonable
> basis of classification in separating this class
> of vending machines from such service vending
> machines as pay toilets, pay telephones, etc.;
> and such reasonable basis of classification is

> sufficient to sustain the validity of the
> act.
>
>     ". . .
>
>     "We think that there can be no doubt
> that there is, because of the difference in
> the nature, manner of operation, and purpose,
> a reasonable basis for a difference of clas-
> sification between the type of machines used
> merely for amusement and pleasure, such as
> those named in section la of the act, and
> those designed to serve the public health,
> convenience, and necessity, such as pay toi-
> lets. That being true, the act should not
> be stricken down for that reason."

It is noteworthy that the present act adds but one specific example, i.e., pay telephones, in its defi- nition of "service coin-operated machines." (Those in- cluded in the "occupation tax" group in the original ex- emption provision are still given as examples of this class in the present statute.)

Thus we have little or no more by way of statu- tory definition of a "service" machine than had the court in the Giebel case. We are therefore inclined to adopt the view of the court that "service" machines are "those designed to serve the public health, convenience and nec- essity, such as pay toilets." We find no service of this character in coin-operated electric scoreboards. In- deed, it is apparent that the chief service is not for the convenience of the public but for the convenience of the "owner" of such machines. We further think that such service as is rendered the public by the electric score- boards would be that character of service classed as amuse- ment or pleasure and therefore within the statutory defi- nition of a "skill or pleasure coin-operated machine". Surely the manufacturer of these machines would not per- mit the suggestion that they do not contribute to the pleasure of playing the game they are designed to score. When so used we think they become an integral part of the game, rendering immaterial the fact that the game could be played without them. We are therefore of the opinion that an "owner", as that term is defined in the Act, of one of these machines would be required to pay the occupation tax imposed by Articles 7047a-2 to 7047a- 18, V.C.S.

## SUMMARY

A coin-operated electric scoreboard used to score shuffleboard games is not a "service coin-operated machine"; and an "owner", as that term is defined by Article 7047a-2, V.C.S., must pay the occupation tax imposed by Articles 7047a-2 -- 7047a-18, V.C.S.

APPROVED:

W. V. Geppert
Taxation Division

Charles D. Mathews
Executive Assistant

MMC:ebm:mw

Yours very truly,

PRICE DANIEL
Attorney General

By *Marietta McGregor Creel*

Mrs. Marietta McGregor Creel
Assistant